[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In spite of the noble name of the corporate defendant, this case involves nothing more than an allegation concerning a lease of real property. The defendant, Fidelco Guide Dog Foundation, Inc. ("Fidelco"), owns commercial real property in Meriden under the name of Meetinghouse Village ("Meetinghouse"). The plaintiff, Weeden J. Fowler, owned a small video arcade on Broad Street in Meriden and wanted to lease a space in Meetinghouse to set up a larger arcade. It turned out that such a use was illegal under the Meriden Code, but Fowler didn't find that out until after he had expended a good deal of money on the project. He claims that he is entitled to recover this money from Fidelco because it broke the terms of "an oral agreement" to lease him the property and to help him open an arcade. Fidelco denies the existence of any such agreement. The case has been tried to the court. After a careful consideration of all of the evidence, I find that Fowler has failed to carry his burden of proof on this matter. This case was commenced by service of process in 1997. Fowler's amended complaint consists of a single count, alleging breach of the claimed "oral agreement." Fidelco has asserted a number of special defenses, but those defenses need not be considered since, as will be seen in a moment, Fowler has failed to establish liability in his case-in-chief. The case was tried to the court on May 30, 2001. Following postargument briefing, it was argued on July 2, 2001.
The amended complaint alleges that the claimed "oral agreement" was made between the parties "[o]n or about April 16, 1995." The credible evidence does not support this claim. The credible evidence instead establishes that on May 1, 1995, Fowler gave Meetinghouse a written "proposal," under his own signature, to lease the property in question "for the purpose of establishing a family amusement center" with "coin operated amusement games." Meetinghouse never accepted this proposal because it discovered that the proposed use would have been illegal under the Meriden Code. Fowler moved in anyway, thanks to a key he apparently received from a Meetinghouse employee who he had worked with in the past. The arcade never opened, and Fidelco eventually had to bring eviction proceedings to remove Fowler from the premises.
No contract, oral or otherwise, ever existed between the parties. Fowler's testimony that an oral contract was made in April 1995 is not credible, and is effectively refuted by his letter of May 1, 1995. That letter constituted an offer that was never accepted.
Fowler's claim that Fidelco is estopped from contesting the existence CT Page 9091 of the lease by virtue of its conduct in giving him the key to the premises is unpersuasive. There is no credible evidence that Fidelco made any kind of representation that would give rise to an estoppel. Fowler simply assumed the existence of a commitment on Fidelco's part when such a commitment did not, in fact, exist.
The case is complicated by the fact that Fidelco's complaint in the eviction proceedings alleges that, on May 1, 1995, the parties entered into "an oral lease." That, of course, was the very date of Fowler's letter. No judicial findings concerning this matter were made in the eviction case, which ended in a stipulated agreement of the parties. No credible evidence submitted in this case supports the proposition that any oral contract was made on May 1, 1995. Not only is the text of Fowler's letter inconsistent with this proposition, but Fowler's own testimony was clear that the oral agreement he claims to have been made was made a week or two prior to his letter. Viewed in the light of all the credible evidence, Fidelco's allegation in the eviction proceeding of "an oral lease" made on May 1, 1995, is not sustainable.
The court having found that no oral contract existed between the parties, Fowler's claim for damages cannot be sustained.
Judgment shall enter for the defendant.
 ____________________________ JON C. BLUE JUDGE of the SUPERIOR COURT.